UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANDREW FIELDS III                                                                     PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:12CV-P183-H

DEPT. OF CORRECTIONS *et al.*                                    DEFENDANTS

**MEMORANDUM OPINION**

      By Memorandum and Order entered May 4, 2012, the Court directed Plaintiff Andrew Fields III, within 30 days, to (1) fully complete and return his complaint on a Court-approved 42 U.S.C. § 1983 complaint form; (2) either pay the $350.00 filing fee in full or file an application to proceed without prepayment of the filing fee along with a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint; and (3) complete and return a summons form for each named Defendant. The Court warned Plaintiff that failure to comply with any part of that Order may result in dismissal of this action. In response, Plaintiff filed a motion to challenge excessive Court filing fees (DN 8), which the Court denied by Memorandum and Order entered June 18, 2012 (DN 9). In the Memorandum and Order, the Court again provided Plaintiff with an opportunity to comply with the deficiencies set forth above. The Court warned Plaintiff that his failure to comply may result in dismissal of this action. Review of the record reveals that Plaintiff has failed to comply or show cause for said failure.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent

power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Because Plaintiff failed to comply with orders of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
Grayson County Attorney
4412.005